IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 4, 2017

## GOVINDASWAMY NAGARAJAN v. LONNIE SHARPE, ET AL.

**Appeal from the Chancery Court for Davidson County**
No. 16-200-II       Carol L. McCoy, Chancellor

_____

## No. M2016-01152-COA-R3-CV
_____

This is an appeal from the trial court's dismissal of the pro se plaintiff's discrimination action against Tennessee State University and certain administrators. The court determined that the plaintiff had requested relief beyond its authority to award and granted the motion to dismiss in favor of the defendants. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed, Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and BRANDON O. GIBSON, J., joined.

Govindaswamy Nagarajan, Nashville, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter; Andreě Blumstein, Solicitor General; and John W. Dalton, Senior Counsel, Nashville, Tennessee, for the appellees, Glenda Glover, Mark Hardy, Samuel Hargrove, Jeanetta Jackson, Lonnie Sharpe, Linda Woodruff, and Tennessee State University.

## OPINION

### I. BACKGROUND

The plaintiff, Govindaswamy Nagarajan ("Professor"), was born in the village of Kalyanapuram, Thanjavur District, State of Tamil Nadu, India on November 10, 1931. He arrived in the United States in August 1962 and became an American citizen on November 10, 1977. He lives in Nashville, Tennessee.

Before immigrating to the United States, Professor received a Bachelor of Science in

Physics in 1955 from the University of Madras, a Master of Arts with an emphasis on Electronics in 1957 from Annamalai University, a Master of Science in Physics with an emphasis on Spectroscopy in 1958 from Annamalai University, a Doctor of Philosophy (Ph.D.) in Physics in the areas of Modern Physics and Thermodynamics in 1961 from Annamalai University, and a Doctor of Science (D. Sc.) in Physics in the areas of Quantum Mechanics and Infrared Spectroscopy in 1968 from Annamalai University. After coming to this country, Professor worked as a Postdoctoral Research Associate at Oklahoma State University at Stillwater; at the University of Maryland at College Park; and at the National Biomedical Research Foundation at Georgetown University under various research projects in different research areas from 1962 to 1970. He has published research papers in numerous journals of national and international reputation and a book on thermodynamic equilibrium studies. He also worked as a Professor of Physics and Chairman of the Division of Natural Sciences and Mathematics at Allen University in Columbia, South Carolina from 1966 to 1970, and as a Professor of Physics and Astronomy at Valdosta State University, Valdosta, Georgia from 1970 to 1973. From 1973 to 1979, he was again employed as Professor of Physics and Chairman of the Division of Natural Sciences and Mathematics at Allen University. He then served as a Professor of Physical Sciences at Voorhees College, Denmark, South Carolina from 1979 to 1980. The following year, he accepted a lower rank but a tenure-track position at Tennessee State University ("TSU") with a higher salary as an Associate Professor.

Professor contends that in spite of the fact he had several years of experience, TSU did not give him any waiver toward his probation for tenure; to the contrary, according to Professor, African-American professors were given higher salary and rank than they deserved in addition to a waiver toward promotion for tenure. He claims that the policies of the Tennessee Board of Regents ("TBR") were rarely or not at all applied to the African-American administrators, professors, and interim administrators. Professor contends that the African-American administrators at TSU were "racist" and knowingly and willfully discriminated against him on the basis of his race and nationality. He claims that they denied him promotion and tenure in the 1985-86 academic year, again in the 1986-87 academic year, and also terminated him from service. After this termination by TSU, Professor was unable to obtain employment.

Professor sought redress under federal law. After receiving a "Notice of Right to Sue" letter from the Equal Employment Opportunity Commission in October 1989 and filing an action, the U.S. District Court for the Middle District of Tennessee found in 1997 that TSU discriminated against Professor on the basis of national origin and improperly denied him tenure and promotion. The court awarded Professor reinstatement, back pay, and other damages.[1] TBR thereafter granted Professor tenure in June 1998.

On February 29, 2016, Professor filed the complaint now before us. Professor, of Indian origin and 85 years old at the time of the adverse action, alleged that the TSU defendants, individually and in concert, acted to selectively discriminate against him primarily based on his age, race, and nationality. He argued that employees not in the protected class and who are less qualified than he were treated more favorably. Professor asserted that the TSU defendants

---

[1] See *Govindaswamy Nagaran v. Tennessee State Univ.,* 187 F.3d 637 (Table), 1999 WL 551360 (Sixth Cir. July 19, 1999).

engaged in character assassination and defamatory practices, forged his signature, created a fraudulent document, engaged in criminal conspiracy, fabricated many fraudulent complaints, and knowingly and willfully humiliated him in the eyes of students and faculty peers. He also complained that his Spring 2015 physics teaching assignments were cancelled while he was forced to teach a class – mathematics – for which he was not qualified.

The relief specifically requested by Professor was that the court disqualify Glenda Glover as TSU's President, Mark Hardy as the Vice President for Academic Affairs, Lonnie Sharpe as the Dean of the College of Life and Physical Sciences, Samuel Hargrove as the Dean of the College of Engineering and Technology, Linda Woodruff as the Director of Science and Mathematics Tutorial STEM Center, and Jeanette Jackson as the Interim Chair of the Department of Physics and Mathematics. He sought disqualification of the direct appointments of deans, directors, department chairs, interim deans, interim directors, and interim chairs without written approval by the Chancellor of the BOR. He further asked that the court dismiss all the decisions made by the committee on March 26, 2014. Additionally, Professor requested an award of all the costs of this litigation and attorney's fees.

The matter was heard on April 15, 2016, on the TSU defendants' Motion to Dismiss. After considering the motion and Professor's response as well as the arguments of the parties, the court ruled as follows:

> The Court finds that Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted is well taken under Tennessee Rule of Civil Procedure 12.02(6). Plaintiff has framed his Compliant as a personal tort action (TCA 28-3-104) and/or violation of the Tennessee Human Rights Act (TCA 4-21-101, et seq.) as to employment discrimination against Plaintiff based on age, race and nationality. However, the relief requested by Plaintiff is that the Court disqualify six individual employees at Tennessee State University (TSU) from their positions, including the President of TSU. Plaintiff further requests that the Court disqualify the appointments of various officials at TSU. Plaintiff also requests that the Court dismiss all decisions made by an allegedly illegal committee some two (2) years ago on March 26, 2014.
>
> The Court finds that it is without jurisdiction or legal authority to provide the relief requested by the Plaintiff in his lawsuit. As such, Plaintiff has failed to state a claim upon which relief can be granted, and, therefore, this Complaint is DISMISSED in its entirety. Costs are assessed to the Petitioner.

Professor filed a timely appeal.

## II. ISSUE

The issue on appeal is whether the trial court properly granted dismissal in favor of the TSU defendants.

## III. STANDARD OF REVIEW

A Rule 12.02(6) motion tests the legal sufficiency of the plaintiff's complaint and not the strength of the plaintiff's evidence. *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). In ruling on such a motion, courts must construe the complaint in favor of the plaintiff, accept the allegations of fact as true, and deny the motion unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief. *Id.* When the trial court's grant of a Rule 12.02(6) motion to dismiss is appealed, the reviewing court must take the factual allegations contained in the complaint as true and review the lower court's legal conclusions de novo without a presumption of correctness. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

## IV. ARGUMENT

As noted by the State, Professor framed his complaint as a personal tort action (Tennessee Code Annotated section 28-3-104) and/or a violation of the Tennessee Human Rights Act (Tennessee Code Annotated section 4-21-101, et seq.) as to employment discrimination against Professor based on age, race and nationality. However, the relief specifically requested by Professor was that the court disqualify (and presumably remove) certain individuals at TSU from their positions, such as the president of the school. Professor further asked that the court disqualify the appointments of various officials at TSU. He also demanded that the court dismiss all decisions made by an allegedly illegal committee on March 24, 2014.

Neither Tennessee Code Annotated section 28-3-104 nor Tennessee Code Annotated section 4-21-101 et seq. provide authority for the relief sought by Professor. As such, we agree with the trial court that Professor failed to state a claim upon which relief can be granted, and, therefore, Professor's complaint was dismissed properly in its entirety.

## V. CONCLUSION

The decision of the trial court is affirmed, and the cause is remanded for further proceedings consistent with this opinion. Costs on appeal are to be taxed to appellant Govindaswamy Nagarajan, for which execution may issue if necessary.

_____
JOHN W. MCCLARTY, JUDGE